1  DAVID BURCHARD
   CHAPTER 13 TRUSTEE
2  P.O. BOX 8059
   FOSTER CITY, CA 94404
3  (650) 345-7801 FAX (650) 345-1514

4                    UNITED STATES BANKRUPTCY COURT

5                    NORTHERN DISTRICT OF CALIFORNIA

6                         SANTA ROSA DIVISION

7

8  In re:                          )   Bankruptcy Case No. 10-1-0527 AJ
                                   )
9  MARILIZA L. AURELIO,            )   Chapter 13
                                   )
10         Debtor.                 )   **MOTION TO DISMISS CASE;**
                                   )   **DECLARATION OF DAVID**
11                                 )   **BURCHARD IN SUPPORT**
                                   )
12                                 )
                                   )   Hearing Date and Time:
13                                 )   DATE:    May 3, 2010
                                   )   TIME:    1:30 p.m.
14                                 )   PLACE:   Hon. Alan Jaroslovsky
                                   )            99 "E" Street,
15                                 )            Santa Rosa, CA
                                   )
16                                 )
                                   )
17                                 )
                                   )
18  _____)

19  **TO THE HONORABLE ALAN JAROSLOVSKY, UNITED STATES BANKRUPTCY**

20  **JUDGE, DEBTOR'S COUNSEL, THE DEBTOR AND OTHER PARTIES IN INTEREST:**

21         David Burchard, Chapter 13 Trustee for the Santa Rosa Division of the Bankruptcy Court

22  for the Northern District of California, hereby requests the Court enter an order: (1) dismissing this

23  case for lack of eligibility pursuant to 11 U.S.C. §109(e).

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

On February 24, 2010, Mariliza L. Aurelio ("Debtor"), filed for bankruptcy protection under Chapter 13 of the Bankruptcy Code in the Santa Rosa Division of the Bankruptcy Court for the Northern District of California. Pursuant to 11 U.S.C. §341(a) of the Bankruptcy Code, the Meeting of the Creditors is scheduled for April 21, 2010, at 1:00 p.m. On March 11, 2010, the Debtor filed her schedules listing their debts as follows: Schedule D lists $814,252.55 in noncontingent, liquidated and secured debts. The unsecured portion of the secured debt totals $452,252.88. The Debtor's Schedules E and F list unsecured, noncontingent, liquidated debts totaling $332,269.00. The Debtor's unsecured debt as listed on Schedules D, E and F totals $784,521.88.

## II.

## DISCUSSION

**A.** **Debtor's Case Should be Converted to Another Chapter or Dismissed Given Debtor's Unsecured Debt Total Exceeds Debt Limitations Pursuant to 11 U.S.C. §109(e)**

Pursuant to 11 U.S.C. §109(e), only an individual with regular income that owes, on the date of filing of the petition, noncontingent, liquidated and unsecured debts less than $336,900 and noncontingent, liquidated and secured debts of less than $1,010,650 may be a debtor under Chapter 13 of Title 11. The Debtor's Schedule D lists $814,252.55 noncontingent, liquidated and secured debts. The unsecured portion of the secured debt totals $452,252.88. The Debtor's Schedules E and F list $332,269.00 in noncontingent, liquidated, and unsecured debt. The Debtor's Schedule D, E and F appear to have been filed in good faith, the schedules do not list any debts as disputed, unliquidated or contingent, and therefore the debt in these schedules should be included in debt limitation calculations. *See In re Scovis*, 249 F.3d 975 (9th Cir. 2001). In determining the total amount of unsecured debt of a debtor, the unsecured portion of secured debt of the debtor is added to the total of unsecured debt listed in schedule E and F for purposes of calculating the debtor's

unsecured debt total. *See In re Scovis*, 249 F.3d 975, 983 (9th Cir. 2001).

| Secured Debt: | $814,252.55 |
|---|---|
| Unsecured Portion of Secured Debt: | **$452,252.88** |
| Priority Unsecured Debt: | **$0.00** |
| Nonpriority Unsecured Debt: | **$332,269.00** |
| **Total Unsecured Debt:** | **$784,521.88 - $336,900 = $447,621.88** |

   After adding the unsecured portion of the Debtor's secured debt and the Debtor's unsecured debt, the Debtor's total unsecured debt equals $784,521.88, $447,621.88 over the unsecured debt limitation pursuant to 11 U.S.C. §109(e).

## III.

## CONCLUSION

   David Burchard, Chapter 13 Trustee, respectfully moves the Bankruptcy Court for an order converting the case to a different chapter, dismissing this case for lack of eligibility pursuant to 11 U.S.C. §109(e) and other such relief the court deems just and proper.

Dated: March 29, 2010

   /s/David Burchard          .
   David Burchard,
   Chapter 13 Trustee

## DECLARATION OF DAVID BURCHARD, CHAPTER 13 TRUSTEE IN SUPPORT OF OBJECTION TO CONFIRMATION

I, David Burchard, the duly appointed Chapter 13 Trustee in this case declare as follows:

1. On February 24, 2010, Mariliza L. Aurelio ("Debtor"), filed for bankruptcy protection under Chapter 13 of the Bankruptcy Code in the Santa Rosa Division of the Bankruptcy Court for the Northern District of California.

2. Pursuant to 11 U.S.C. §341(a) of the Bankruptcy Code, the Meeting of the Creditors is scheduled for April 21, 2010, at 1:00 p.m.

3. On March 11, 2010, the Debtor filed her schedules listing their debts as follows: Schedule D lists $814,252.55 in noncontingent, liquidated and secured debts.

4. The unsecured portion of the secured debt totals $452,252.88.

5. The Debtor's Schedules E and F list unsecured, noncontingent, liquidated debts totaling $332,269.00.

6. The Debtor's unsecured debt as listed on Schedules D, E and F totals $784,521.88.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct, that I have personal knowledge thereto, that if called as a witness I could testify competently thereto. This declaration was executed on March 29, 2010, in Foster City, California.

/s/David Burchard
David Burchard,
Chapter 13 Trustee
