DONNA S. TAMANAHA, Assistant U.S. Trustee (WI#1013199)
PATRICIA A. CUTLER, Trial Attorney (#50352)
U.S. Department of Justice
Office of the United States Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 705-3333
Facsimile: (415) 705-3379
Email: patricia.cutler@usdoj.gov

Attorneys for Acting United States Trustee
 SARA L. KISTLER

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re ) No. 10-10527AJ
)
MARILIZA AURELIO, ) Chapter 13
)
) Date: July 2, 2010
Debtor. ) Time: 9:00 a.m.
) Ctrm: Hon. Alan Jaroslovsky
  99 South E St, Santa Rosa, CA

**UNITED STATES TRUSTEE'S MOTION FOR REVIEW OF FEES UNDER 11 U.S.C. § 329 (GEORGE HOLLAND JR)**

**I.   MOTION**

Sara L. Kistler, Acting United States Trustee (UST), respectfully moves this Court for review of fees charged by George Holland, Jr. and for disgorgement of fees as appropriate under 11 U.S.C. § 329 and FRBP 2017 for failure to file a disclosure of compensation and failure to appear for and provide competent representation of Debtor, specifically:

- No creditor matrix or statement of social security number was filed with the petition
- Debtor paid $20,000 to counsel prior to the filing and no disclosure of compensation was filed
- The chapter 13 plan was not signed by the Debtor
- Counsel failed to appear at the confirmation hearing
- Co-counsel appearing for Debtor is not licensed to practice in California
- Counsel filed opposition to relief from stay with no electronic signature of counsel
- Debtor was represented by appearance counsel at the meeting of creditors

This Court has jurisdiction over this matter under 28 U.S.C. §§ 151, 157, and 1334. This is a core proceeding under 28 U.S.C. § 157 (b)(2)(A) and (O).

1.   Mariliza Aurelio, Debtor, filed a voluntary petition under chapter 13 on February 19,

2010 with the assistance of counsel, George Holland, Jr. The petition is signed by Mr. Holland and Henri E. Norris as attorneys for Debtor.

2. On March 2, 2010, the court entered an Order To Show Cause for Holland to appear on March 12, 2010, because he failed to file a creditor matrix and statement of social security number.

3. On March 5, 2010, the Debtor filed a motion to extend time for filing schedules and other important documents.

4. On March 5, 2010, Aurora Loan Service filed a Motion for Relief From Stay on the property located at 204 Gisela Drive, American Canyon, CA.

5. On March 11, 2010, a chapter 13 plan was filed in this case with the signature of Henri Norris as attorney for the Debtor, but there was no signature by the Debtor on the chapter 13 plan. The plan proposed no payments - $0.00 payments each month to the trustee.

6. On March 11, 2010, George Holland, Jr. filed a response to the Order to Show Cause. The response is a declaration from Henri E. Norris stating that she is licensed to practice law in the District of Columbia and before the Federal District Courts in the Northern District of California. *See* Declaration of David Burchard. Henri Norris is not a member of the Bar of the State of California and not a member of the Bar of the District Court for the Northern District of California. Accordingly, Ms. Norris is not permitted to practice before this Court. The response filed herein is captioned for a different case - Mary Cipriano 10-10627 not this case.

7. On March 25, 2010, the day of the relief from stay hearing, Mr. Holland filed an opposition brief that did not bear his electronic signature and appeared only through special counsel by telephone. His opposition was not supported by a declaration or other competent evidence.

8. On April 21, 2010, the meeting of creditors was held. Debtor was present with special appearance attorney Gregory Wonderwheel, who advised that he was contacted the evening before the Meeting of Creditors by George Holland. *See* Declaration of David Burchard.

9. Debtor testified at the meeting of creditors that she paid George Holland, Jr., $2,000 a month from March 2009 thru December 2009, and $1,000 per month from December 2009 to April 2010

1   for a total of $22,000. *See* Declaration of David Burchard.

2       10.    On May 17, 2010, neither counsel nor Debtor appeared at the confirmation hearing and
3   the case was held was dismissed based on the failure to appear and make plan payments.

4       11.    To date, Mr. Holland has failed to file a disclosure of compensation.

5   **II.**      **MEMORANDUM OF POINTS AND AUTHORITIES**

6       11 U.S.C. § 329(a) requires an attorney for the debtor to file a disclosure of compensation paid or agreed to be paid in contemplation of a case within one year of the filing of a case. The court is authorized to examine any agreement regarding services rendered to the debtors(s) "in contemplation of or in connection with" the petition under 11 U.S.C. § 329(b) and "[i]f such compensation exceeds the reasonable value of any such service, the court may cancel any such agreement, or order the return of any such payment." . *See Glad v. Mork (In re Glad)*, 98 B.R. 976, 978 (9th Cir. B.A.P. 1989); *Goudie v. Morrow (In re Telford)*, 36 B.R. 92, 93 - 94 (9th Cir. B.A.P. 1984); FRBP 2017.

      Counsel George Holland, Jr. has failed to file a disclosure of compensation in this case in violation of 329(a) while apparently receiving in excess of $20,000 in payments from Debtor in the year before filing. This Court should review the circumstances of this failure to disclose and order funds disgorged if appropriate.

      Counsel has also failed to act competently on Debtor's behalf. Counsel did not file a creditor matrix or statement of social security number with the petition. In response to an order to show cause regarding this failure, Holland filed a declaration of co counsel Henri Norris captioned in the wrong case. Ms Norris is not admitted to practice before this Court, indeed she cannot be admitted as she is not licensed to practice in California. Counsel filed Debtor's chapter 13 plan without Debtor's signature and the plan did not propose any payments through the plan. Neither counsel nor co counsel of record appeared at the Debtor's 341 meeting. In opposing a motion for relief from stay, counsel failed to file declarations or other evidence supporting his opposition and the motion was granted. Counsel did not appear at the confirmation hearing and the case was dismissed at that time based on the failure to of Debtor and counsel to appear as well as the failure of Debtor to make plan payments.

//

### III. CONCLUSION

WHEREFORE, the UST requests the Court review the amount of fees paid to Holland, Jr. in light of the value of such services to the Debtor and the estate, an order the disgorgement of all fees found in excess of the value of Hollands' services under 11 U.S.C. § 329(b) as appropriate, and that she have such other relief as is just under the circumstances.

Dated: June 9, 2010

Respectfully submitted,

Sara L. Kistler, Acting United States Trustee

/s/ *Patricia A. Cutler*, #50352
Patricia A. Cutler
Attorney for U.S. Trustee